IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LAMAR ROBINSON,** | : | Civil Action No. 20- |
| Plaintiff | | JURY TRIAL DEMANDED |
| v. | : | |
| **CITY OF PHILADELPHIA,** | | |
| **OFFICER JEFFREY WALKER,** | : | |
| Badge Number 3730, | | |
| **OFFICER REGINALD GRAHAM,** | : | |
| Badge Number 6214, | | |
| individually and as police officers for the | : | |
| City of Philadelphia | | |
| c/o Law Department | : | |
| 1515 Arch Street | | |
| Philadelphia, PA 19102, | : | |
| Defendants | | |

# COMPLAINT
## I. PRELIMINARY STATEMENT

1. Plaintiff Lamar Robinson brings this action under 42 U.S.C. §1983 seeking redress for the extraordinary misconduct of former police officers Jeffrey Walker and Reginald Graham who manufactured evidence to cause Mr. Robinson's arrest, prosecution, and imprisonment for a crime he did not commit. The actions and conduct of Walker and Graham were the result of constitutionally deficient policies and practices of the City of Philadelphia, including the failure to take appropriate disciplinary and remedial actions against Walker and Graham in the wake of their histories of misconduct and repeated abuses of authority.

## II. JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §1983. Jurisdiction is founded upon 28 U.S.C. §§1331 and 1343(1), (3), (4) and the aforementioned statutory provision. Plaintiff further invokes the supplemental jurisdiction of this Court under 28 U.S.C. §1367(a) to adjudicate state law claims.

## III. PARTIES

3. Plaintiff Lamar Robinson is a resident of Philadelphia, Pennsylvania and at all times relevant to this action was in the Eastern District of Pennsylvania.

4. Defendant City of Philadelphia is a municipality of the Commonwealth of Pennsylvania and owns, operates, manages, directs and controls the Philadelphia Police Department which at all times relevant to this action employed defendants Walker and Graham.

5. Defendant Jeffrey Walker was at all times relevant to this Complaint a police officer for the Philadelphia Police Department acting under color of state law. The defendant officer is being sued in his individual capacity.

6. Defendant Reginald Graham was at all times relevant to this Complaint a police officer for the Philadelphia Police Department acting under color of state law. The defendant officer is being sued in his individual capacity.

7. At all relevant times, defendants Walker and Graham ("the defendant officers"), who acted in concert and conspiracy and under color of state law, deprived the plaintiff of his constitutional and statutory rights.

## IV. FACTUAL ALLEGATIONS

8. On September 29, 2004, Lamar Robinson was in the area of 4638 Paschall Avenue in Philadelphia. There were no drugs or contraband in his possession.

9. On that date at about 7:00 p.m. the defendant officers, without cause or justification, arrested Mr. Robinson on criminal charges related to the delivery of controlled substances.

10. The defendant officers provided false, misleading and incomplete information to other Philadelphia police officers and officials, and to the Philadelphia District Attorney's Office

in an effort to justify the arrest of Mr. Robinson on criminal charges.

11. As a direct result of the actions and conduct of the defendant officers, and without cause or justification, Mr. Robinson was arrested and charged with possession with intent to deliver a controlled substance and related offenses.

12. Mr. Robinson appeared for his arraignment and was held in lieu of bail in the amount of $3,500.00. Mr. Robinson was unable to post bail and was sent to the County jail.

13. Mr. Robinson was arrested, charged and remanded into custody because the defendant officers willfully manufactured evidence, provided false and misleading information and testimony, and ignored or concealed available exculpatory evidence, all of which negated and tainted any finding of probable cause to believe that Mr. Robinson had committed a crime.

14. As a result of the actions and conduct of the defendant officers, Lamar Robinson was held in custody for approximately nine months for a crime that he did not commit and that the defendant officers knew he did not commit.

15. On June 28, 2019, all charges brought against Mr. Robinson were *nolle prossed* on motion of the District Attorney of Philadelphia County based on a finding that the defendant officers' account of the circumstances surrounding Mr. Robinson's arrest were not credible, which is tantamount to a finding that Mr. Robinson is likely innocent of the charges.

16. At no time did Mr. Robinson engage in any actions or conduct that justified his arrest, detention and prosecution.

17. Lamar Robinson did not commit any offenses against the laws of the Commonwealth of Pennsylvania, the United States, Philadelphia County, or engage in any conduct which justified the actions of all defendants.

18. The unlawful arrest, detention and prosecution in this case were caused by the City's failure to properly train, supervise and discipline police officers, particularly officers who have engaged in repeated misconduct that has caused constitutional violations.

19. Defendants Walker and Graham acted wilfully, deliberately, maliciously or with reckless disregard of the plaintiff's constitutional and statutory rights.

20. As a direct and proximate result of the actions of all defendants, the plaintiff suffered severe psychological harms, prolonged incarceration, pain and suffering, damage to reputation, some or all of which may be permanent, as well as loss of employment and other financial losses.

21. All defendants engaged in the above conduct for the purpose of violating plaintiff's constitutional rights by subjecting plaintiff to unlawful arrest, detention and prosecution.

## FIRST CAUSE OF ACTION
## FEDERAL CIVIL RIGHTS VIOLATIONS

22. Plaintiff incorporates by reference paragraphs 1-21 of the instant Complaint.

23. As a direct and proximate result of all defendants' conduct, committed under color of state law, plaintiff Lamar Robinson was deprived of the right to be free from a malicious prosecution, unlawful detention, the right to be secure in ones' person and property and to due process of law. As a result, the plaintiff suffered and continue to suffer harm in violation of his rights under the laws and Constitution of the United States, in particular the Fourth and Fourteenth Amendments, and 42 U.S.C. §1983.

24. As a direct and proximate result of the acts of all defendants, the plaintiff sustained injuries, emotional harm, loss of liberty and financial losses, all to his detriment and harm.

25. Defendant City of Philadelphia, by its final policy makers, has encouraged, tolerated,

ratified and has been deliberately indifferent to the following patterns, practices and customs and to the need for more or different training, supervision, investigation or discipline in the areas of:

    a. Unlawful detentions, unlawful arrests and malicious prosecutions by police officers;

    b. The proper exercise of police powers, including but not limited to unlawful arrest, unlawful detention, and malicious prosecution;

    c. The fabrication and deliberate concealment of material evidence by police officers;

    d. The monitoring of officers whom it knew or should have known were suffering from emotional and/or psychological problems that impaired their ability to function as officers;

    e. The failure to identify and take remedial or disciplinary action against police officers who were the subject of prior civilian or internal complaints of misconduct;

    f. Police officers' use of their status as police officers to employ unlawful arrests and malicious prosecutions, invoke the Code of Silence, or to achieve ends not reasonably related to police duties;

    g. The failure of police officers to follow established policies, procedures, directives and instructions regarding the use of arrest powers under such circumstances as presented in this case; and

    h. The refusal of police officers to report or provide information concerning the misconduct of other police officers, a custom or practice known as the "Code of Silence."

26. The individual defendants, acting within the scope of their employment and under color of state law, agreed among themselves and with other individuals, to act in concert in order to deprive Mr. Robinson of his clearly established Fourteenth Amendment rights to be free from deprivation of liberty without due process of law, and to a fair trial.

27. In furtherance of the conspiracy, the defendants engaged in and facilitated numerous overt acts, including, but not limited to the following:

    a. Fabricating evidence, planting evidence, tampering with evidence, and using coercion and/or threats to obtain incriminating statements; and

b. Deliberately deceiving counsel and the court by concealing and/or withholding relevant and material evidence, fabricating evidence, tampering with evidence, and using coercion and/or threats to obtain inculpatory statements.

28. Defendants' acts and omissions, as described above, were the direct and proximate cause of Mr. Robinson's injuries. Defendants knew, or should have known, that their conduct would result in Mr. Robinson's denial of due process and a fair trial.

29. Defendant City of Philadelphia, by its final policy makers, failed to properly sanction or discipline officers, who are aware of and conceal and/or aid and abet violations of constitutional rights of individuals by other Philadelphia police officers, thereby causing and encouraging Philadelphia police, including the defendant officer in this case, to violate the rights of citizens such as the plaintiff.

30. Defendant City of Philadelphia, by its final policy makers, is deliberately indifferent to the need to train, supervise and discipline police officers. The Internal Affairs Division (IAD) of the Philadelphia Police Department (PPD) fails to provide an internal disciplinary mechanism that imposes meaningful disciplinary and remedial actions in the following respects:

a. There are excessive and chronic delays in resolving disciplinary complaints;

b. There is a lack of consistent, rational and meaningful disciplinary and remedial actions;

c. There is a failure to effectively discipline substantial numbers of officers who were found to have engaged in misconduct;

d. The PPD's internal investigatory process has fallen below accepted practices and is arbitrary and inconsistent;

e. The PPD discipline, as practiced, is incident based rather than progressive. Thus, repeat violators are not being penalized in proportion to the number of violations;

f. The conduct of IAD investigations demonstrates that PPD internal affairs personnel are

not adequately trained and supervised in the proper conduct of such investigations;

g. A global analysis of IAD's investigatory procedures indicates a pattern of administrative conduct where the benefit of the doubt is given to the officer rather than the complainant;

h. There are serious deficiencies in the quality of IAD investigations and the validity of the IAD findings and conclusions;

i. The PPD lacks an effective early warning system to identify, track and monitor "problem" officers;

j. Despite the fact that defendants Walker and Graham had amassed an exceptionally large number of serious misconduct complaints in only a few years on the force, the officers stayed well below the radar of an early warning system;

k. Despite multiple prior complaints and lawsuits against defendants Walker and Graham, the great majority of which involved abuses of police authority, the PPD took no meaningful disciplinary or remedial actions, and no meaningful steps to more closely monitor, retrain and supervise the officer;

l. The PPD did nothing to respond meaningfully to the red flags evidenced in the aggregate performances of defendants Walker and Graham; and

m. IAD frequently fails to interview available eyewitnesses to incidents involving citizen complaints of misconduct. The interviews that are conducted by IAD are below acceptable standards of police practice and fail to address key issues in the cases.

31. Defendant City of Philadelphia, by its final policy makers, is deliberately indifferent to the need to train, supervise and discipline police officers and has failed to ensure that there is an effective internal disciplinary system.

32. Defendants have by the above described actions deprived the plaintiff of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. §1983.

## SECOND CAUSE OF ACTION
## SUPPLEMENTAL STATE CLAIMS

33. Plaintiff incorporates by reference paragraphs 1-29 of the instant Complaint.

34. The acts and conduct of defendants Walker and Graham in this cause of action constitute unlawful arrest and malicious prosecution under the laws of the Commonwealth of Pennsylvania, and this Court has supplemental jurisdiction to hear and adjudicate these claims.

WHEREFORE, the plaintiff requests the following relief:

a. Compensatory damages as to all defendants;

b. Punitive damages as to the individual defendants;

c. Reasonable attorney's fees and costs as to all defendants;

d. Such other declaratory and further relief as appears reasonable and just; and

e. A jury trial as to each defendant and as to each count.

    *S/ Paul Messing*
Paul Messing
KAIRYS, RUDOVSKY, MESSING, FEINBERG & LIN
718 Arch Street, Suite 501S
Philadelphia, Pa. 19106
(215) 925-4400
*Counsel for Plaintiff*